TERRELL, Justice
(dissenting).
These are companion cases involving similar facts, from which the same questions derive. They will be treated and disposed of in a single opinion.
Paul Shelton and Roy Puckett were treated by the West Orange Memorial Hospital at Winter Garden. It is agreed that they were covered by Florida Workmen’s Compensation Act. • A controversy arose as to whether they would be required to pay $3 or $2 per shot for “combiotics.” On their refusal to pay $3 per shot, a hearing was held before the Deputy Commissioner to determine how much should be paid for said shots by those covered by Workmen’s Compensation.
*884 At the hearing it was stipulated by coun-: sel representing all the parties that the two cases be consolidated for the purpose of hearing, argument and award and that the sole question for adjudication is whether or not the West Orange Memorial Hospital was entitled to make a • charge of $3 per shot for the injection of a certain drug known as “combiotic.” The Deputy Commissioner ruled that the word included in the medical and surgical fee schedule as established by the Florida Industrial-Commission, under the heading “Miscellaneous,” covered an injection of the drug known as “combiotics.” Upon appeal to the Florida Industrial Commission, the ruling of the Deputy Commissioner was affirmed. We are confronted with an appeal by certiorari to review the order of the Full Commission.
Petitioner West Orange Memorial Hospital contends that an injection of the drug known as “combiotic” is governed by the provisions of Florida Statutes, Sec. 440.13 (3) (a), F.S.A., as follows:
“All fees and other charges for such treatment or service shall be limited to such charges as prevail in the same community for similar treatment of injured persons of like standard of living, and shall be subject to regulations by the commission, who shall adopt schedules of charges for such treatment or services * * *.”
Respondents contend on the other hand that the abbreviation “etc.” as employed in the medical and surgical fee schedule as established by the Florida Industrial Commission under the heading “Miscellaneous” covers the drug known as “combiotic,” a combination of penicillin and streptomyecin. Said medical and surgical, fee schedule is as follows:
“Injections of penicillin, tetanus antitoxin (including skin test when indicated), prostigmin injections, injections used for allergic reactions, certain injections used for industrial’ dermatitis, etc. — In addition to regular office visit charge for these injections to be .2.00”
Account of the showing from the record, I consider it unnecessary to use time and space enlarging on the scope and meaning of “etc.” The testimony shows without contradiction (1) that “combiotic” is a trade name for a drug consisting generally of one-half gram of streptomyecin and 400,000 units of penicillin to the injection; (2) that charges prevailing for such injections in the community in which West Orange Memorial Hospital is .located are $3; (3) that actual- cost of the drug known as “combiotic” is 27‡ per injection, the cost of an injection of penicillin is 11^ and that the cost of one-half gram of strepto-myecin is 40^ per injection. No testimony was submitted by respondents before the Deputy Commissioner to contradict any of the foregoing facts,
I have examined the evidence and findings of both the Deputy and the Full Commission’ and 'have reached the’ conclusion that they failed to give proper consideration to the uncontradicted testimony as to the prevailing fees and charges for such services in the' community where the hospital is located. They also failed to interpret properly the applicable statute quoted in the forepart of this opinion ‘ which was designed to regulate the subject matter. The evidence and the controlling statute show that a charge of $3 per injection should have been allowed for the drug known as “combiotic.”
For the error thus committed, I think certiorari should be granted and the judgment of the Full Commission quashed.
SEBRING and THORNAL, JJ., concur.